PR 16-0233

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 66

IN THE MATTER OF DAVID G. TENNANT,

An Attorney at Law,

Respondent.

APPEAL FROM: Commission on Practice of the Supreme Court of the State of Montana
ODC File No. 15-145

COUNSEL OF RECORD:

For Appellant:

Jon G. Moog, Deputy Disciplinary Counsel, Helena, Montana

For Appellee:

David G. Tennant, self-represented, Kalispell, Montana

Submitted: March 7, 2017

Decided: March 21, 2017

Filed:



_____
Clerk

**OPINION AND ORDER**

Justice Beth Baker delivered the Opinion and Order of the Court.

¶1 These consolidated proceedings include two formal disciplinary complaints filed against Montana attorney David G. Tennant. The complaints, which arise from Tennant's debt collection practices against clients and former clients, will be referenced in this Opinion and Order as the Ray complaint (our Cause No. PR 16-0233) and the Harshman complaint (our Cause No. PR 16-0435). The disciplinary complaints may be reviewed by any interested persons in the office of the Clerk of this Court.

**BACKGROUND**

¶2 Beginning in 2011, Tennant represented John Ray in Ray's dissolution of marriage. The next year, following entry of the decree of dissolution, Tennant filed an attorney's lien relative to his representation of Ray in that case. Tennant later obtained a judgment against Ray for services rendered both in the dissolution and in a related contempt matter. Tennant was granted default judgment in the amount of $34,045.18, after which he obtained a writ of execution on two lots owned by Ray. Vintage Vines, a business of which Tennant is a fifty percent owner and the registered agent, was the successful bidder on the property at a sheriff's sale.

¶3 Tennant represented Richard and Debbie Harshman in an action for eviction of tenants from, and possession of, real property in Hungry Horse, Montana. The Harshmans obtained a default judgment against their tenants for damages to the property, including attorney fees of $3,063.54. When he was unable to collect the attorney fees

through execution on the tenants and the Harshmans did not pay their bill to Tennant's firm, Tennant filed an attorney's lien on the property. He later filed a complaint against the Harshmans alleging breach of contract, account stated, and foreclosure of the attorney's lien, in which action he was granted a default judgment of $8,148.68. Tennant assigned the judgment to a collection agency, which obtained a writ of execution on the Harshmans' property. A sheriff's sale was held, at which the collection agency was the successful bidder. The Harshmans later redeemed their property.

¶4 Both Ray and the Harshmans filed complaints against Tennant with the Office of Disciplinary Counsel (ODC), and ODC filed formal disciplinary complaints in both matters. On August 31, 2016, Tennant filed conditional admissions and an affidavit of consent to discipline in these consolidated proceedings, pursuant to Rule 26, Montana Rules for Lawyer Disciplinary Enforcement (MRLDE). ODC objected to Tennant's conditional admissions. On October 20, 2016, the Commission on Practice held a hearing on the complaints and to consider Tennant's conditional admissions. Tennant was present with counsel and testified on his own behalf.

¶5 On January 5, 2017, the Commission submitted to this Court its Findings of Fact, Conclusions of Law, and Recommendation for Discipline. The Commission rejected Tennant's conditional admissions. Based on the allegations of the complaints and the evidence produced at the hearing, the Commission concluded that Tennant violated multiple provisions of the Montana Rules of Professional Conduct (MRPC) in relation to the Ray complaint. The Commission concluded that Tennant violated Rule 1.7, MRPC,

3

by representing concurrent clients with conflicting interests. It concluded that he violated Rule 1.8(a), MRPC, by acquiring an ownership interest in a current client's property when he foreclosed on his firm's attorney's lien on Ray's property, and that he violated Rule 1.8(b) by not obtaining his client's informed consent to foreclose on the attorney's lien. The Commission concluded that ODC failed to carry its burden of proving by clear and convincing evidence any MRPC violations alleged in the Harshman complaint.

¶6 The Commission recommends that, as a result of his violations of the Montana Rules of Professional Conduct, Tennant be disciplined by public censure by this Court. The Commission further recommends that Tennant recoup the value of the judgment he entered against Ray from the sale of one of the lots acquired from Ray, and that the other lot be quitclaimed back to Ray, with copies of the transfer paperwork provided to ODC. The Commission recommends that, in the future, Tennant be required to provide to clients and former clients copies of any attorney's liens he or his firm files against them. In addition, the Commission recommends that, for a period of three years, Tennant be required to provide to ODC copies of any attorney's liens filed by him or his firm, copies of all complaints filed by him or his firm and served against former clients for unpaid fees, and copies of judgments or assignments of judgments obtained by him or his firm against former clients.

¶7 ODC has filed written objections to the Commission's findings, conclusions, and recommendation, and Tennant has filed a response.

4

## STANDARD OF REVIEW

¶8      In exercising our original and exclusive jurisdiction and responsibility in matters involving attorney discipline, we review findings and conclusions by the Commission de novo. *In re Potts*, 2007 MT 81, ¶ 32, 336 Mont. 517, 158 P.3d 418. "Our duty includes weighing the evidence upon which the Commission's findings rest." *Potts*, ¶ 32. However, despite our duty to weigh the evidence, "we remain reluctant to reverse the decision of the Commission when its findings rest on testimonial evidence. We recognize that the Commission stands in a better position to evaluate conflicting statements after observing the character of the witnesses and their statements." *Potts*, ¶ 32. ODC bears the burden to establish a violation of disciplinary rules by clear and convincing evidence. Rule 22(B), (C), MRLDE.

## DISCUSSION

¶9      We first address a threshold question raised in Tennant's response to ODC's objections: whether ODC is entitled to file objections to findings, conclusions, and recommendations by the Commission. Tennant argues that only the respondent attorney may object.

¶10     Tennant is incorrect. Since its revision effective January 1, 2016, Rule 16, MRLDE, allows "a party" to file written objections to findings, conclusions, and recommendations of the Commission. ODC is a party.

**Ray complaint**

¶11 The Commission found that, in representing both his firm and Ray when the firm's collection efforts began, Tennant violated the Rule 1.7, MRPC, prohibition against representing clients with conflicting interests. The Commission further found that Tennant violated Rule 1.8 by acquiring an ownership interest in a current client's property and by failing to secure Ray's informed consent to foreclosure on the firm's attorney's lien.

¶12 ODC argues that the Commission also should have found that Tennant violated Rule 1.16(a), MRPC, by failing to withdraw from representation of a client if the representation would result in a violation of the MRPC. The Commission's rationale for rejecting that argument was that Tennant reasonably believed Ray was a former client when he filed the suit for fees against Ray in February of 2013.

¶13 We have held that the existence of an attorney-client relationship hinges upon the client's reasonable belief that it exists. *Krutzfeldt Ranch, LLC v. Pinnacle Bank*, 2012 MT 15, ¶ 24, 363 Mont. 366, 272 P.3d 635. Ray testified that he still thought Tennant was his attorney in November of 2014, after he learned of the sheriff's sale. On the other hand, Tennant testified that, although he did not send Ray a formal disengagement letter, he thought he had withdrawn from representing Ray before he filed the liens on Ray's property. He testified that, after the hearing on the contempt matter in August of 2012, he and Ray shook hands outside the courthouse and he said something to Ray to the effect of, "It's been a pleasure working with you. If you ever need any future legal

6

advice, give us a call if anything comes up." Tennant testified that his firm did not file withdrawal notifications in every case; the Commission observed that the MRPC do not include such a requirement. We note that *Krutzfeldt* involved numerous objective indicators of a current client relationship not present here, including an engagement letter sent after the attorney's alleged conclusion of the representation and a subsequent letter the attorney sent to "client[s]" of his dissolving firm. *Krutzfeldt*, ¶¶ 23-24. Tennant acknowledged in hindsight that Ray could have believed there was an ongoing relationship, and testified that he has changed his practices to send disengagement letters and file notices of withdrawal. Because of his failure to clarify the termination of his attorney-client relationship with Ray, he does not contest the recommended findings regarding Rules 1.7 and 1.8. But Rule 1.16(a)(1) requires a lawyer to terminate representation only if "the representation will result in violation of the Rules of Professional Conduct or other law." Because Tennant testified that he believed at the time that his attorney-client relationship with Ray had ended, we defer to the Commission's finding that ODC failed to meet its burden to establish Tennant's violation of Rule 1.16(a).

¶14 ODC further objects to the Commission's finding that Tennant was truthful with Ray. Specifically, ODC points out that testimony at the hearing established that Tennant did not advise Ray of his intent to bid on Ray's property at the sheriff's sale. ODC did not offer authority establishing that Tennant was required to provide Ray with notice of his intent to bid on the property. The Commission did not find clear and convincing

7

proof of a violation of the Rules on this point, and we decline to reject its recommended finding.

¶15 ODC maintains that Tennant violated Rule 1.5, MRPC, by purchasing Ray's lots at the sheriff's sale at a discounted price, resulting in unreasonable fees in the form of a windfall to Tennant. Ray and Tennant both indicated in their testimony before the Commission that the sale of one of Ray's lots at the now-listed sales price likely would be sufficient to cover Tennant's fees and other liens. Tennant testified that he had no intent to reap a windfall profit, and the conditions recommended by the Commission will preclude a windfall to Tennant. We defer to the Commission's finding on Tennant's intention, which finding rests on testimonial evidence.

¶16 Finally, ODC contends that the Commission erred in failing to find and conclude that Tennant was dishonest in his response to Ray's ethics grievance in violation of Rules 8.1 and 8.4, MRPC. Specifically, ODC points out that Tennant's response to Ray's grievance did not reveal that Tennant's Vintage Vines business was the purchaser of Ray's lots, instead referring obliquely to "the purchaser" of the lots. Tennant testified at the hearing that, when ODC asked him whether he was a member of Vintage Vines, he answered truthfully and also gave ODC the name of his partner in the business. The Commission found "no evidence" to support a contention that Tennant made false statements of material fact (Rule 8.1) or engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation (Rule 8.4). Although Tennant's answer to Ray's ethics

grievance could have been more clear and complete, we defer to the Commission on its finding that a violation was not proven by clear and convincing evidence.

**Harshman complaint**

¶17 ODC argues that the Commission erred in concluding that it failed to prove violation of Rule 1.9, MRPC, in relation to the Harshmans. Rule 1.9(c) provides:

> A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
> (1)  use information relating to the representation to the disadvantage of the former client except as these Rules would permit or require with respect to a client, or when the information has become generally known[.]

ODC alleged Tennant violated this Rule when he bid on the Harshmans' Hungry Horse property at the sheriff's sale, because Tennant's knowledge of the property derived from his representation of the Harshmans. The Commission determined that because Tennant could have found out that the Harshmans owned property in Hungry Horse via public record and then foreclosed his fee lien and bid at the sheriff's sale, no violation of Rule 1.9 occurred.

¶18 As ODC emphasizes, Rule 1.9's language requires that, in order for the attorney to be free from the prohibition against using representation-related information to the disadvantage of a former client, the information at issue must be "generally known."

> Whether information is generally known depends on all circumstances relevant in obtaining the information. Information contained in books or records in public libraries, public-record depositories such as government offices, or in publicly accessible electronic-data storage is generally known if the particular information is obtainable through publicly available indexes and similar methods of access. Information is not generally known

when a person interested in knowing the information could obtain it only by means of special knowledge or substantial difficulty or expense. . . .

A lawyer may not justify adverse use or disclosure of client information simply because the information has become known to third persons, if it is not otherwise generally known.

Restatement of the Law Governing Lawyers § 59 cmt. d (2000). Some courts have applied a strict definition of "generally known" in the context of a Rule 1.9 analysis. That the information at issue is generally available does not suffice; the information must be within the basic understanding and knowledge of the public. *Pallon v. Roggio*, Nos. 04-3625, 06-0168, 2006 WL 2466854, 2006 U.S. Dist. LEXIS 59881, *23-24 (D.N.J. August 23, 2006); *Lawyer Disciplinary Bd. v. McGraw*, 461 S.E.2d 850, 860 (W. Va. 1995). "[T]he client's privilege in confidential information disclosed to his attorney 'is not nullified by the fact that the circumstances to be disclosed are part of a public record, or that there are other available sources for such information, or by the fact that the lawyer received the same information from other sources.'" *McGraw*, 461 S.E.2d at 860 (quoting *Emle Industries, Inc. v. Patentex, Inc.*, 478 F.2d 562, 572-73 (2d Cir. 1973)).

¶19    In this case, although it would have been possible for Tennant to discover the existence of the Harshmans' property through searches of public records, he undisputedly learned of the property as part of his representation of the Harshmans. Tennant used that information to the Harshmans' disadvantage. We will not interpret the "generally known" provision of Rule 1.9(c) to allow Tennant to take advantage of his former clients by retroactively relying on public records of their information for self-dealing. The Commission erred in concluding that Tennant did not violate Rule 1.9, MRPC.

10

¶20 ODC further claims that, absent the Harshmans' redemption of their property, Tennant would have exceeded his fee claim and lien by receiving a windfall from the sheriff's sale of upwards of $80,000—his former clients' equity in their property. ODC submits that this is a clear violation of Rule 1.9(c), MRPC. However, the Harshmans did redeem their property, and ODC's assumptions do not satisfy its burden of proof.

**Sanctions**

¶21 Finally, ODC argues that the Commission's recommended sanctions are inadequate given Tennant's unethical conduct and will not deter the same type of conduct by other Montana attorneys. ODC had recommended that Tennant be suspended from the practice of law for at least seven months and that he be required to retake and pass the Multistate Professional Responsibility Exam.

¶22 We have concluded that ODC established one ethical violation in addition to those recognized by the Commission. However, that violation ultimately did not harm Tennant's clients—the Harshmans redeemed their property. Further, the additional violation does not undermine the Commission's overall conclusions on the evidence presented, and on this record we are not inclined to deviate from the discipline recommended by the Commission.

Based upon the foregoing,

IT IS HEREBY ORDERED:

1. Except as discussed above, the Commission's Findings of Fact, Conclusions of Law, and Recommendation are ACCEPTED and ADOPTED.

11

2. David G. Tennant shall appear before this Court at 1:00 p.m. on April 18, 2017, to be publicly censured.

3. Tennant shall recoup the value of the judgment entered in his favor against John Ray from sale of a single lot purchased at the sheriff's sale, but he must refund any excess to Ray and quitclaim the second lot back to Ray, providing copies of the transfer paperwork to ODC.

4. In the future, Tennant shall provide to clients and former clients copies of any attorney's liens filed against them by him or his firm.

5. For a period of three years from the date of this Order, Tennant is required to provide to ODC copies of any attorney's liens filed by him or his firm, copies of all complaints filed by him or his firm and served against former clients for unpaid fees, and copies of judgments obtained by him or his firm against former clients.

6. Tennant shall pay the costs of these proceedings subject to the provisions of Rule 9(A)(8), MRLDE, allowing objections to be filed to the statement of costs.

The Clerk of this Court is directed to serve a copy of this Order of Discipline upon David G. Tennant at his last known address and to provide copies to Disciplinary Counsel; the Office Administrator for the Commission on Practice; the Clerks of all the District Courts of the State of Montana; each District Court Judge in the State of Montana; the Clerk of the Federal District Court for the District of Montana; the Clerk of the Circuit Court of Appeals of the Ninth Circuit; and the Executive Director of the State Bar of Montana.

12

DATED this 21st day of March, 2017.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE